**MORGAN, LEWIS & BOCKIUS LLP**
(A Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, New Jersey 08540
Richard G. Rosenblatt
Jason J. Ranjo
Needhy Shah
Phone: (609) 919-6600
Fax: (609) 919-6701
*Attorneys for Amazon.com Services LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LUZ ZULUAGA,<br><br>  Plaintiff,<br><br>  v.<br><br>AMAZON.COM SERVICES, LLC d/b/a AMAZON, JOHN DOES 1-10 (Fictitious Names Representing Unknown Persons); ABC CORPS 1-10,<br><br>  Defendants. | Civil Action No.: _____<br><br>**NOTICE OF REMOVAL**<br><br>*Document Electronically Filed* |

**TO:  THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Amazon.com Services LLC ("Amazon" or "Defendant"), by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby removes this matter to the United States District Court for the District of New Jersey from the Superior Court of New Jersey, Law Division, Middlesex County. The grounds for removal are as follows:

**PROCEDURAL BACKGROUND**

1. Pursuant to Local Civil Rule 10.1(a), the addresses of the named parties are as follows:

a) Plaintiff Luz Zuluaga states in her Complaint that she resides in the city of Englewood, Bergen County, New Jersey. Plaintiff is represented by Mark Law Firm LLC, 675 Morris Avenue, Suite 300, Springfield, New Jersey 07081. *See* Compl., at 1.

b) Amazon.com Services LLC is a limited liability company whose sole member – Amazon.com Sales, Inc. – is incorporated in Delaware and has its principal place of business in Washington. Amazon is represented in this matter by Morgan, Lewis & Bockius LLP, 502 Carnegie Center, Princeton, New Jersey 08540.

2. Plaintiff commenced this action on April 3, 2023, by filing a Complaint and Jury Demand ("Complaint") in the Superior Court of New Jersey, Law Division, Middlesex County, captioned *Luz Zuluaga v. Amazon.com Services, LLC d/b/a Amazon., et al.*, Docket No. MID-L-001891-23. In her Complaint, Plaintiff asserts claims against Defendant alleging violations of the New Jersey Law Against Discrimination (LAD) and New Jersey Workers' Compensation Act (WCA). Specifically, Plaintiff alleges disability discrimination under the LAD (Count I), failure to accommodate disability under the LAD (Count II), retaliation under the LAD (Count III), retaliation under the WCA (Count IV), and re-alleges the same claims against fictitious parties (Count V). A true and correct copy of the Complaint and Case Information Statement is attached as **Exhibit A**.

3. On April 4, 2023, the Superior Court of New Jersey issued a Track Assignment Notice. A copy of the Track Assignment Notice is attached as **Exhibit B**.

4. Defendant's counsel accepted service of the Complaint on April 5, 2023. A true and correct copy of the Acknowledgment of Service is attached as **Exhibit C**.

5. The documents attached as **Exhibits A, B,** and **C**, constitute the entirety of the process, pleadings, and orders that Defendant has received in this case to date. *See* 28 U.S.C. § 1447(b).

## GROUNDS FOR REMOVAL

1. In relevant part, 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

2. Federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332.

3. Amazon may remove this case to this Court in accordance with 28 U.S.C. §§ 1332 and 1441 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because this is an action between citizens of different states. *See* 28 U.S.C. § 1332.

**Amount in Controversy**

4. In her Complaint, Plaintiff seeks monetary damages and equitable relief related to her employment with and termination of employment from Defendant, asserting claims under the LAD and WCA. *See* Compl., at 9-16.

5. Plaintiff seeks compensatory damages (including front and back pay, fringe benefits), "[l]iquidated, [c]onsequential, [a]ncillary and [p]unitive" damages, damages for "emotional distress, loss of reputation and other injury," "enhancement for gross tax consequences," attorneys' fees and costs, costs of suit, and pre- and post-judgment interest. *See id.* at 17-18.

3

6. Plaintiff alleges that "on or about December 21, 2020 Amazon's HR department instructed [her] to remain out of work until further notice" and "instructed her to remain out of work without pay." *Id.* ¶¶ 51-52. Plaintiff alleges that "Amazon never followed up with [her], never provided her a return-to-work date, never provided alternative job responsibilities. . . never provided [her] with accommodation," and "unlawfully terminated her employment." *Id.* ¶¶ 57-58.

7. The amount in controversy is determined by "examin[ing] both 'the dollar figure offered by the plaintiff' and plaintiff's 'actual legal claims.'" *Hoffman v. Lumina Health Prod., Inc.*, No. CIV.A. 13-04936 SRC, 2013 WL 5773292, at *2 (D.N.J. Oct. 24, 2013).

8. While Plaintiff does not offer a dollar figure of compensatory damages, Plaintiff seeks, among other things, punitive damages, attorneys' fees, consequential damages, back pay and benefits, and front pay and benefits, all of which are recoverable under the LAD and must be considered when calculating the amount in controversy. *See Uddin v. Sears, Roebuck & Co.*, No. CIV.A. 13-6504 JLL, 2014 WL 316988, at *5 (D.N.J. Jan. 27, 2014) ("Because punitive damages are recoverable in certain circumstances under NJLAD, punitive damages must also be considered when determining the amount in controversy. Under New Jersey law, punitive damages can total up to five times the compensatory damages. Additionally, Plaintiff seeks attorney's fees in this count and these fees may be considered when determining the amount in controversy. The Third Circuit has held that fees can be estimated as high as 30% of the judgment when making this calculation.") (citations omitted); *Hann v. Home Depot*, No. 1:18-CV-10223-NLH-JS, 2019 WL 479348, at *3 (D.N.J. Feb. 7, 2019) (considering emotional distress damages as part of the amount in controversy because "[t]he Supreme Court of New Jersey has held that damages for emotional distress in a discrimination case falls within a wide spectrum of acceptable outcomes").

4

9. Based on the allegations pled in the Complaint, the relief Plaintiff seeks, and Plaintiff's pre-litigation settlement demand, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000.00. *See Rodriguez v. Burlington Cty. Corr. Dep't*, 2015 WL 790521, at *3 (D.N.J. Feb. 25, 2015), *reconsideration dismissed*, 2015 WL 5297271 (D.N.J. Sept. 9, 2015) (holding that the employee-plaintiff's potential damages could "easily exceed" $75,000 where the plaintiff sought compensatory damages for lost wages and fringe benefits, front and back pay, future benefits, loss of earning capacity, damages for emotional and physical distress, damage to reputation, pain and humiliation damages, punitive damages, and attorney's fees); *Uddin v. Sears, Roebuck & Co.*, 2014 WL 316988, at *5 (D.N.J. Jan. 27, 2014) (denying a motion to remand and finding that the employee-plaintiff could potentially recover two months of back pay, punitive damages, and attorney's fees such that his total damages could exceed the jurisdictional threshold).

**Citizenship**

10. Plaintiff is a citizen of the State of New Jersey. *See* Compl. ¶ 1.

11. Amazon.com Sales, Inc. is the only member of Amazon.com Services LLC. Amazon.com Sales, Inc. is a Delaware corporation with its corporate headquarters and principal place of business in Washington. Accordingly, Amazon.com Services LLC is a citizen of the State of Delaware and the State of Washington because it is a limited liability company whose sole member is incorporated in Delaware and has its principal place of business in Washington. *See Zambelli Fireworks Mfg. Co. v. Wood,* 592 F.3d 412, 420 (3d Cir. 2010) (for the purposes of diversity jurisdiction under 28 U.S.C. § 1332(a), "the citizenship of an LLC is determined by the citizenship of its members."); *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC,* 888 F.3d 29, 34 (3d Cir. 2018) ("The citizenship of a corporation is both its state of incorporation and the state of

its principal place of business…. [A] limited liability company is a citizen of all the states of its members.").

12. In determining whether an action is removable under 28 U.S.C. §1332(a), "the citizenship of defendants sued under fictitious names shall be disregarded." *See* 28 U.S.C. § 1441(b)(1); *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991) ("a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."). Thus, the citizenship of the fictitious parties "John Does 1-10" and "ABC Corps 1-10" (*see* Compl. ¶¶ 3-4) are irrelevant and should be disregarded.

13. Accordingly, complete diversity of citizenship exists between Plaintiff and Defendant.

## TIMING

14. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal was timely filed with this Court because thirty days did not expire between the time Defendant accepted service of the Complaint on April 5, 2023, and the filing of this Notice of Removal on May 1, 2023.

## VENUE

15. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the District of New Jersey is the federal judicial district and division embracing the Superior Court of New Jersey, Middlesex County, where Plaintiff originally filed this action, and a substantial part of the events giving rise to Plaintiff's claims are alleged to have occurred in this judicial district. *See* Compl. ¶ 5.

## **CONCLUSION**

16. According to the provisions of 28 U.S.C. § 1446(a), Defendant attaches to this Notice of Removal and incorporates by reference copies of all of the process, pleadings, and orders served on Defendant before the removal of this action, if any.

17. By filing a Notice of Removal, Defendant does not waive any arguments, defenses, affirmative defenses, or rights, all of which are hereby specifically reserved.

18. Further, Defendant respectfully requests an opportunity to submit additional argument if Plaintiff challenges this Notice of Removal and such argument becomes necessary.

19. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served on Plaintiff, and a copy of this Notice of Removal with all exhibits will be filed with the Clerk of the Superior Court of New Jersey, Law Division, Middlesex County, where the suit has been pending.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and in conformity with the requirements set forth in 28 U.S.C. § 1446, Defendant hereby removes this action to the United States District Court for the District of New Jersey and respectfully request that the Superior Court of New Jersey, Law Division, Middlesex County proceed no further.

Dated: May 1, 2023				**MORGAN, LEWIS & BOCKIUS LLP**

<u>*/s/ Jason J. Ranjo*                        </u>
Richard G. Rosenblatt
Jason J. Ranjo
Needhy Shah
502 Carnegie Center
Princeton, New Jersey 08540
richard.rosenblatt@morganlewis.com
jason.ranjo@morganlewis.com
needhy.shah@morganlewis.com
Phone: (609) 919-6600
Fax: (609) 919-6701

*Attorneys for Defendant Amazon.com Services LLC*

## **CERTIFICATION**

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that the matters raised herein are not the subject of any other pending lawsuit, arbitration, or administrative proceeding except the state court action which is being removed.

Dated: May 1, 2023               */s/ Jason J. Ranjo*
                                  Jason J. Ranjo

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, the foregoing Notice of Removal with attached exhibits was electronically filed via the Court's ECF filing system and served by email on the following counsel for Plaintiff:

Jamison M. Mark, Esq.
Kristofer P. Guldner, Esq.
Sean T. Govlick, Esq.
Mark Law Firm LLC
675 Morris Avenue, Suite 300
Springfield, New Jersey 07081
*Attorneys for Plaintiff*

Dated: May 1, 2023                            */s/ Jason J. Ranjo*
                                                              Jason J. Ranjo